UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Claire J. Lee,                                          Civil No. 13-1328 PJS/AJB

        Plaintiff,

v.                                                      **REPORT AND RECOMMENDATION**
                                                        **ON MOTION TO DISMISS AND**
Hennepin County, et al.,                                **ORDER ON MOTION TO AMEND**

        Defendants.

    Claire J. Lee, pro se plaintiff;

    Michael B. Miller, Sr. Asst. Hennepin County Attorney, for defendants Hennepin County, et al.

    This action is before the court, Chief Magistrate Judge Arthur J. Boylan, on Motion to Dismiss [Docket No. 10] by defendants Hennepin County, et al.,[1] and plaintiff Claire J. Lee's Motion for Leave to Amend Complaint [Docket No. 36]. Hearing on the motions was held on November 15, 2013, at the United States Courthouse, 316 North Robert Street, St. Paul, MN 55101. The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1). It is the court's determination herein that the defendants' motion to dismiss should be denied and plaintiff's motion for leave to amend her complaint should be granted.

---

[1] Hennepin County Medical Center ("HCMC") and Jon L. Pryor have been named as defendants in addition to Hennepin County. Defendant represents that HCMC is no longer a political subdivision of Hennepin County and is now owned by Hennepin Healthcare System, Inc., a public beneficiary corporation and a subsidiary of Hennepin County. Jon Pryor is identified as the CEO of Hennepin Heathcare System, Inc. He is described in the pleading as an alternative defendant to HCMC and is not named in the context of the claims in the complaint. For purposes of this motion all defendants will be referred to as Hennepin County. Efforts to clarify the names and/or identities of proper defendants should be by motion or stipulation.

**Fact Background and Claims**

Plaintiff Claire Lee seeks money damages and injunctive relief with respect to alleged emotional distress, humiliation and personal injury suffered in connection with a visit to the Acute Psychiatric Services ("APS") facility at Hennepin County Medical Center ("HCMC") during the late evening of June 8, 2011, and the early morning hours of June 9, 2011. Ms. Lee asserts in her complaint that she is a mentally disabled vulnerable adult who went to APS at approximately 10:30 p.m. on June 8, 2011, seeking emergency services and stabilization treatment upon experiencing a psychiatric crisis, including suicidal thoughts.

The complaint states that the plaintiff had already waited for awhile after a shift change until she was seen by a triage nurse, and even though plaintiff told the nurse she was suicidal, she was told to go home and wouldn't be seen. Ms. Lee was thereafter able to find and meet with a nursing supervisor who returned to APS with the plaintiff to speak with the triage nurse. The nursing supervisor met privately with the triage nurse and then came and told plaintiff to go home and call her doctor in the morning. When Ms. Lee continued to insist that she needed evaluation and services, security personnel were called. Upon overhearing these discussions a psychiatric evaluator came to the hallway and engaged in a discussion with the plaintiff with regard to whether a psychiatric screening would take place. The complaint states that this discussion ended when the evaluator ". . . yelled at C.L. very sarcastically, 'I suppose I can see you–do you want to see me or not,'" to which the plaintiff replied, "not with that attitude," and the evaluator responded, "get security, get her out of here."[2] Three security officers escorted the plaintiff from the building and refused to permit her to re-enter despite her

---

[2] Compl. ¶ 12.

pleas to be allowed to go to the regular HCMC emergency room.

The complaint alleges that plaintiff did not receive any screening exam or stabilization for her severe mental conditions at HCMC, and that defendants had a duty to either provide care or transfer her to another facility. After being thrown out of APS she sat in her car for several hours, hysterically crying until falling asleep. In addition to money damages for emotional distress, malice, humiliation, and personal injury, plaintiff seeks an injunction "preventing HCMC from dumping and refusing to treat psychiatric patients,"[3] in light of a "pattern and practice of turning away patients they deem undesirable and don't want to treat."[4]

Plaintiff asserts federal question jurisdiction under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.[5] Defendants acknowledge

---

[3] Compl., Request for Relief, page 4.

[4] Id., ¶ 9. To the extent the pro se plaintiff may be seeking to advance claims on behalf of other patients, she is not a licensed lawyer and as such is not permitted to represent other individuals.

[5] EMTALA, 42 U.S.C. § 1395dd, states in parts pertinent to this action:

> (a) **Medical screening requirement**
> In the case of hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition within the meaning of subsection (e)(1) of this section) exists.
>
> (b) **Necessary stabilizing treatment for emergency medical conditions** . . .
>   (1) If any individual . . . comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either –
>     (A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required

3

that EMTALA requires a hospital to provide emergency screening and treatment necessary to stabilize a person who presents with an emergency medical condition and requests diagnosis or treatment. Nonetheless, the statute provides that the hospital is deemed to have met its treatment obligation if the individual is informed of the risks and benefits of examination and treatment but refuses consent to such examination and treatment. Defendants now move to dismiss the action for failure to state a cause of action, Fed. R. Civ. P. 12(b)(6), on grounds that as a matter of law the hospital offered Ms. Lee an examination and she refused it.

**Standard of Review on Rule 12(b)(6) Motion**

A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)

---

      to stabilize the medical condition, or
      (B) for transfer of the individual to another medical facility . . .

  (2) **Refusal to consent to treatment**
    A hospital is deemed to meet the requirement of paragraph (1)(A) with respect to an individual if the hospital offers the individual the further medical examination and treatment described in that paragraph and informs the individual . . . of the risks and benefits to the individual of such examination and treatment, but the individual . . . refuses to consent to the examination and treatment. The hospital shall take all reasonable steps to secure the individual's . . . written informed consent to refuse such examination and treatment.

  (e)(1) The term "emergency medical condition" means –
      (A) A medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably expect to result in –
          (I) placing the health of the individual . . . in serious jeopardy,

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible. Twombly, 127 S.Ct. at 1974. When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 127 S.Ct. at 1964-65. A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote. Id. at 1965. However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997).

In support of the motion to dismiss, the defendant(s) submit the HCMC medical records pertaining the plaintiff's visit to the hospital on June 8-9, 2011,[6] asserting that the materials are central to plaintiff's case and are referenced in the complaint, and are therefore necessarily embraced by the pleadings. Plaintiff Claire Lee vehemently objects to introduction

---

[6] Aff. of Michael B. Miller, Ex. 2 (sealed documents) [Docket No. 14]

of the medical records, arguing that the reports are confidential, were improperly obtained without her consent, and are not properly introduced for purposes of this motion.  It is the court's determination that the medical records are not necessarily embraced by the pleadings and the court declines to consider the documents in the context of a motion for summary judgment under Fed. R. Civ. P. 56.  To the extent the reports constitute evidence relating to elements of a cause of action under EMTALA, i.e. an informed offer to provide medical screening and rejection of the offer, the information is provided in the pleading itself and reference to the exhibits is unnecessary.  In the event the reports were to be offered for consideration in the context of an alternative motion for summary judgment motion the court finds that the medical records contain fact assertions which are outside the scope of the pleadings in this matter and which the court has excluded from consideration in its decision on the Rule 12(b)(6) motion to dismiss.  The motion will not be treated as Rule 56 summary judgment motion.

**Analysis**

The simple and straightforward question as presented to the court is whether the plaintiff's responsive remark, "not with that attitude," was a refusal, as a matter of law, to consent to mental health examination and treatment under 42 U.S.C. § 1995dd (b)(2).  It is the court's conclusion that whether plaintiff refused an examination is a disputed question of fact and is not properly decided as a question of law on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Moreover, a question of fact arguably exists as to whether plaintiff was even offered an examination or treatment.  The conversation at issue in which the plaintiff alleges that the evaluator ". . . yelled at C.L. very sarcastically, 'I suppose I can see you–do you want to see me or not,'" to which the plaintiff replied, "not with that attitude," is far from an unequivocal refusal

to accept services and, indeed, can be construed as a wholly insincere offer to provide a proper screening examination and appropriate treatment, particularly in light of the evaluator's discussion-ending statement, "get security, get her out of here." Upon consideration of other important factors such as the APS environment and plaintiff's quest for emergency mental health services, as well as the plaintiff's alleged distress, the court cannot conclude that provisions of EMTALA regarding offer and refusal of examination and treatment were satisfied as a matter of law. This is not a determination that a prospective patient seeking emergency psychiatric services could never be found to have refused an offer of services as a matter of law, or that the plaintiff in this instance cannot ultimately be found to have refused an effective offer of services, but the court certainly cannot arrive at the conclusion that dismissal of the case is warranted on the basis of the current record. Consequently, the court declines to recommend dismissal of plaintiff Clair Lee's complaint on a Rule 12 motion.

Based upon the file and records in this action, along with the motions, memorandums, and arguments of counsel and pro se plaintiff, the magistrate judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that defendants' motion for dismissal of this action pursuant to Rule 12(b)(6) be **denied** [Docket No. 10].

Furthermore, based upon the memorandums, affidavits and oral arguments presented at hearing, the magistrate judge makes the following:

## ORDER

It is **hereby ordered** that plaintiff's Motion for Leave to Amend to Complaint to allege violation of the Minnesota Data Practices Act, Minn. Stat. § 12.384; violation of the Medical Records Act, Minn. Stat. Chap. 144; violation of the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164; and intentional infliction of emotional distress is **granted** [Docket No. 36]. Plaintiff shall serve and file her First Amended Complaint, submitted as an attachment to her Motion for Leave to Amend, on or before December 13, 2013.

Dated:     November 20, 2013

      s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 5, 2013.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.

## MEMORANDUM

Fed. R. Civ. P. 15(a) permits amendment to the complaint by leave of court and mandates that leave be freely given when justice requires. Important considerations are whether defendant is prejudiced by the amendment and whether the proposed amendment asserts a futile claim. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). The court may refuse to

8

permit amendment to assert claims which could not survive motion to dismiss.  Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989).  Essentially, however, the granting of a motion to amend a pleading lies in the sound discretion of the trial court.  Upsher-Smith Laboratories, Inc. v. Mylan Laboratories, Inc., 944 F.Supp. 1411, 1442 (D. Minn. 1996).  It is the policy of the federal courts, as instructed by the Federal Rules, to adhere to the principle that the purpose of pleading is to facilitate a proper decision on the merits.  Id. at 1441 (citing Foman v. Davis, 83 S.Ct. at 229-30).

In the present instance the motion for leave to amend has been brought early in the proceedings and the court finds no significant prejudice to the defendant in allowing the proposed amendment with respect to timing.  Defendants oppose the motion based upon the contention that the unlawful disclosure claims do not arise out of the same transaction or occurrence as the initial cause of action, and the infliction of emotional distress claim is a supplemental state law claim that would be barred on various immunity grounds.

The data disclosure claims relate to defendants' effort to use HCMC medical records in support of their motion to dismiss.  Although the claims are based upon actions separate from the initial EMTALA cause of action, the court finds that the causes of action are sufficiently related, and that judicial efficiency would be promoted by allowing leave to amend the claims rather than requiring the plaintiff to commence a separate action.  Although the intentional infliction of emotional distress action is clearly a supplemental state law claim, the court finds that a decision as to the applicability of immunity defenses is insufficiently briefed and premature.  Plaintiff's motion for leave to amend is therefore granted.