UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CLAIRE J. LEE, | Case No. 13-CV-1328 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| HENNEPIN COUNTY and HENNEPIN HEALTHCARE SYSTEM, INC., doing business as Hennepin County Medical Center, | |
| Defendants. | |

Claire J. Lee, pro se.

Michael B. Miller, HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendants.

This matter is before the Court on plaintiff Claire Lee's objection to Magistrate Judge Hildy Bowbeer's Report and Recommendation ("R&R") of July 29, 2015. Judge Bowbeer recommends granting the defendants' motion for summary judgment. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R and dismisses this lawsuit.

Lee's objection to the R&R largely repeats arguments about the substance of her claims that Lee already presented to Judge Bowbeer and that Judge Bowbeer carefully addressed in her R&R. The remainder of Lee's objection goes into some detail in

criticizing Judge Bowbeer for "treat[ing] Plaintiff unfairly and illegally."  ECF No. 204 at 4.  Two things about this criticism should be noted:

First, Lee is extraordinarily demanding, even for a pro se litigant.  Lee routinely insists that, because of various disabilities, she should not be expected to follow the rules that apply to every other litigant who appears before this Court, such as deadlines and word-count limitations.  Time and again, the undersigned and Judge Bowbeer (and the other magistrate judges who have worked on this case) have accommodated Lee, only to have her complain that the accommodation was insufficient.  Often these complaints grossly mischaracterize the Court's treatment of Lee.  A good example appears at the top of the first page of Lee's objection:

> This Plaintiff can't finish her objections in a 3500 word count and asked for an enlargement; however, this Court declined.  This is because there are too many issues and problems with the Magistrate's order and because Plaintiff has severe mental disabilities that interfere with her ability to pick out what's most important and be concise, among other things.  Plaintiff has since asked for a little more word count, but just found out at 3 p.m. today that the court has denied this, even though Plaintiff called 2 hours ago and could have been told the decision.  Plaintiff now has to take 1500 words out in 20 minutes, because no one would tell Plaintiff the decision sooner.

ECF No. 204 at 1.

Here is what actually happened:  Judge Bowbeer's R&R was entered on July 29, 2015, meaning that Lee's objection was initially due on August 12, 2015.  On August 7,

Lee moved this Court to order a transcript of the hearing that Judge Bowbeer held on defendants' summary-judgment motion, because, Lee said, the transcript would show that Judge Bowbeer treated her abusively. ECF No. 197. Because the Court takes any allegation of judicial misconduct seriously, the Court *granted* Lee's request and ordered the transcript to be prepared at no cost to Lee. ECF No. 198. Lee also said that, because of her disabilities, she has trouble being concise, so she asked for more time to submit an objection and for a substantial enlargement of the 3,500-word limitation that applies to such objections. ECF No. 197; *see* D. Minn. LR 72.2(b)(1), (c)(1). The Court *granted* Lee's request for more time, giving her until September 25, 2015 to file her objection. ECF No. 198. Because Lee was given over *eight weeks*—instead of the usual two weeks—to file her objection, the Court denied Lee's request for an enlargement of the word-count limit, as she had ample time to edit her objection to meet that limit. ECF No. 198.

On the day that Lee's objection was due (September 25, 2015), Lee filed a last-minute motion asking that she be given a substantial increase in the word-count limit. ECF No. 202. Lee said that she did not think she would need more than 10,000 words, and would try to keep her objection to 5,000 to 6,000 words. Obviously, then, Lee made little effort to edit her objection in the eight weeks that she had to do so. Lee also called the chambers of the undersigned and demanded that the undersigned drop everything

and immediately rule on her motion—a motion that she could have filed days or weeks earlier. The undersigned entered an order denying her motion within a couple of hours after that motion was filed. ECF No. 203.

The Court has taken the time to elaborate on this complaint of Lee because it typifies the kind of conduct that Judge Bowbeer (and the other magistrate judges) have had to endure over the past two years. In this complaint, Lee fails even to mention the accommodation that she received—eight weeks to file an objection instead of the usual two. Lee also says that she asked for "a little more word count," when, in fact, she asked for almost *triple* the word count, while pledging to try to use only about *double* the word count. And Lee complains that she "just found out at 3 p.m." on the date that her objection was due that the Court denied her motion for an enlarged word count, without mentioning that she waited until the last minute to file that motion or that the Court ruled on her motion within a couple of hours after receiving it.

Second, the Court has followed this litigation closely, and has never seen any evidence—including on the transcript that Lee insisted the Court order—that Judge Bowbeer (or any other magistrate judge, for that matter) has treated Lee unfairly or disrespectfully in any way. To the contrary, Judge Bowbeer has shown remarkable patience in dealing with Lee. Lee claims, for example, that at the argument on defendants' summary-judgment motion, Judge Bowbeer "forced Plaintiff to stand at the

podium even though Plaintiff was light-headed and having a hard time focusing." ECF No. 204 at 5.  Not a word of the transcript substantiates Lee's complaint; instead, the entire transcript reflects the courtesy that Judge Bowbeer extended to Lee.  The following excerpt is representative:

> THE PLAINTIFF:  . . .  Um, I'm getting a little—can I—can I drink something?
>
> THE COURT:  Of course, yes.
>
> THE PLAINTIFF:  Real quick.  Even if it's pop?
>
> THE COURT:  Yeah, go ahead, if you want to grab something to drink, or I can pour you some water from up here, too.  Would that be helpful?  Would you like a cup of water to have there at the podium?  Would that be helpful?  I can pour you some.
>
> THE PLAINTIFF:  Oh, sure.  Thank you.
>
> THE COURT:  There you go.
>
> THE PLAINTIFF:  Thanks.

ECF No. 201 at 32:16-33:2.

The bottom line is that Lee was given ample time to take discovery and ample opportunity to present her arguments to the Court.  Lee's criticisms of Judge Bowbeer's handling of her case are baseless, and Lee's objections to Judge Bowbeer's R&R are without merit.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 204] and ADOPTS the July 29, 2015 R&R [ECF No. 196].  Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 162] is GRANTED.

2. Plaintiff's second amended complaint [ECF No. 74] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 2, 2015         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge